**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| SCOTT KANVICK, | ) | 3:08-CV-00397-ECR-VPC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| STATE OF NEVADA, et al., | ) | |
| Defendants. | ) | |

The Pretrial Order (#69), filed on August 11, 2010, is amended as follows:

In reviewing the Pretrial Order, it appears to the Court that the issues for trial may be substantially narrowed. In this regard, the parties may wish to consider, among other things, the fact that Plaintiff is now apparently no longer incarcerated, the issue of protected class for constitutional equal protection purposes, post deprivation remedies, the requirements for due process, and the requirements for A.D.A. relief.

**IT IS, THEREFORE, HEREBY ORDERED** that the period of time for the filing of dispositive motions is reopened for the parties for a limited period of twenty-one (21) days, from the date of the filing of this order. This includes motions to dismiss and motions for summary judgment. The respective parties will have fourteen (14) days after the filing of any such further dispositive motions by the opposing parties to respond to the same. The parties will

thereafter have seven (7) days within which to file reply briefs in support of their motions.  We do not anticipate permitting extensions of these time limits absent extraordinary circumstances, in light of the trial date which has been set by the Pretrial Order and which is fast approaching.

The parties should not anticipate being permitted to use motions in limine in lieu of motions to dismiss or motions for summary judgment.  Such is an inappropriate use of motions in limine practice.

**IT IS FURTHER ORDERED** within twenty-one (21) days, from the date of the filing of this order, each of the parties shall file a specific list of the exhibits to be offered at trial.  This must be on an item-by-item basis for each specific item.  Exhibits may not be referred to, for example, as "All Renown Medical Records," "All prior exhibits submitted to Defendants by Plaintiff," "All discovery responses and documents produced in this litigation," "Kanvick's institutional files to be further identified at trial," etc.

Within fourteen (14) days after the opposing party has filed the required specific list of exhibits, the parties respectively shall file their objections to the exhibits to be offered by the opposing party.  The objections shall be specific as to the basis, and not be stated in merely general terms such as, for example, "hearsay" or "violation of Rule 402," etc.

The admission of exhibits for trial is referred to the Magistrate Judge for purposes of ruling on their admissibility for trial to the extent this can reasonably and feasibly be done pretrial.

**IT IS FURTHER ORDERED** within twenty-one (21) days from the date of the filing of this order, Defendants shall file a designation setting forth by page and line number the portions of Plaintiff's deposition which may be offered in evidence at trial by Defendants.  This order shall not apply to the use of Plaintiff's deposition by Defendants for impeachment purposes.  Within fourteen (14) days after Defendants have filed the designation of the portions of Plaintiff's deposition which they wish to offer at trial, Plaintiff shall file his objections (in reasonable detail) as to each such designation of the deposition.  At this time it does not appear under the Rules that Plaintiff may offer his own deposition in evidence at trial, except in reference to designations made by Defendants.

**IT IS FURTHER ORDERED** within twenty-one (21) days, from the date of the filing of this order, Defendants shall file a supplemental witness list specifying the specific name of each witness to be called by Defendants at trial to the extent they are not presently referred to by name in the witness list in the Pretrial Order.  Such designation may not be in terms such as, "the person most knowledgeable" or "custodian of records," but must be by name.

The proposed witness lists, as set forth in the Pretrial Order, and as supplemented, are referred to the Magistrate Judge for consideration and decision as to which of such witnesses shall be allowed to testify at trial, and which, if any, not.  The Magistrate Judge will consider whether the testimony of the proposed witnesses would be relevant to issues in the case for

trial, and whether any such testimony would be duplicative or unreasonably cumulative.

The Magistrate Judge is authorized to require written or oral offers of proof as to the testimony to be offered by each such witness. The witness lists will not be subject to further amendment except upon motion granted by the Court.

The Magistrate Judge shall determine whether those witnesses listed by Plaintiff, other than the named Defendants, who are identified as associated with N.D.O.C. or the State of Nevada, will appear at trial voluntarily or whether any such witnesses must be subpoenaed by Plaintiff to appear at trial in his case by service of a subpoena together with the tender of the required witness fee and travel allowance from the respective places of residence to the courthouse in Reno, Nevada.

The Magistrate Judge shall also determine whether N.D.O.C. or Defendants will voluntarily produce Plaintiff's proposed inmate witnesses, whether such witnesses' presence may be obtained by habeas corpus ad testificandum, or whether arrangements may be made for such witnesses to testify at trial by closed circuit television or like means.

**IT IS FURTHER ORDERED** the Magistrate Judge shall at an appropriate time hold a pretrial status/settlement conference for the case.

The Magistrate Judge is authorized to modify the Pretrial Order upon consideration of these or other appropriate matters, and to make all rulings thereon which reasonably can be made.

The Magistrate Judge will substantially assist the Court in the processing of this case by undertaking the foregoing

4

proceedings.  By going through the items of evidence and considering the respective witnesses' testimony, frequently the parties and/or the Court will reasonably, readily, recognize evidence which is inadmissible, or should be withdrawn, or which, upon proper available foundation, will be obviously admissible, or on the other hand, where ruling should be withheld until trial. The Magistrate Judge will have the benefit of the Pretrial Order and the arguments of counsel to assist in making these rulings.

Obviously, the conduct of the trial will be greatly expedited by the Magistrate Judge undertaking this assignment.

The rulings of the Magistrate Judge will be subject to appeal to this Judge, if timely appeal is filed.  The Magistrate Judge has extensive experience in resolving such matters, both as an attorney in practice, and sitting on the bench as a trial judge, and is well qualified to undertake such rulings.

We realize this order places a considerable burden on the Magistrate Judge.  We trust, however, that the Magistrate Judge will not be inclined to ignore this order, but if the Magistrate Judge would prefer not to undertake this reference, or feels uncomfortable in doing so, or feels such an order is inappropriate in the circumstances, we should be so advised so that we can undertake to arrange other procedures to accomplish the goals we seek to achieve in entering this order.

Dated: This 17th day of August, 2010.

_Edward C. Reed._
_____
UNITED STATES DISTRICT JUDGE